JOHN T. VANRIPER, APPELLEE, v. SAMUEL DUBRON, APPELLANT.

Submitted July 5, 1911—Decided November 13, 1911.

The rule laid down by sections 3 and 21 of the District Court act (*Pamph. L.* 1898, *p.* 556), when read together, is that an outgoing judge of that court shall carry to final determination all causes upon the actual trial of which he had entered during his term of office, but shall not enter upon the trial of any new cause merely because it was instituted during his term, which causes under section 3 are not to abate but to be tried before the incoming judge.

On appeal from District Court.

Before Justices GARRISON, TRENCHARD and KALISCH.

For the appellant, *Andrew Foulds, Jr.*

For the appellee, *Whitehead & Appleton.*

The opinion of the court was delivered by

GARRISON, J. This was an action for the conversion of a negotiable promissory note. The theory of the action, and the facts on which it was based, were that the defendant obtained

a promissory note made by the plaintiff to the defendant's order for the payment of $187.50 in six months; that said note was given as a commission in a real estate transaction, and was obtained by the defendant by the false representation that he was not getting a commission from the other party; that such other commission was in fact received by defendant, and that when plaintiff discovered the falseness of the defendant's representation, he demanded the return of the note he had given him which was refused on the ground that the note had been transferred to a third party whose name the defendant refused to divulge. On the trial the defendant, as plaintiff's witness, testified that he had transferred the note to David Kantor, who, when called as a witness, said that he had transferred the note to Abraham Heller, who testified that he had transferred it to one Mamled, of Passaic street, Passaic, but could give no more complete name or address. Plaintiff testified that in conversations with both Kantor and Heller they had refused to divulge the name of the person to whom the note was transferred or even to say whether or not it was transferred. The note being traced to defendant's hands, and its present holder not being found, the court admitted secondary proof of its contents and gave judgment for the plaintiff for its face, the defendant offering no defence.

No question was raised in the District Court as to the form of the action and none is raised by any specification in this court.

There being testimony to support the finding of the trial court as to the inability of plaintiff to produce the original note, the admission of secondary evidence of its contents is not a ground for reversal, and the same is true as to the finding of the trial court sitting without a jury that the defendant had fraudulently obtained and converted the note. There were no errors in rulings upon evidence. The adjournments granted to the plaintiff in his attempts to trace the note and the denial of an adjournment to the defendant were exercises of a discretion that was not abused.

The most serious specification is that which challenges the qualification of the trial judge to proceed to the final determi-

nation of the cause in view of the fact that his term of office expired during the period occupied by the taking of testimony.

Section 3 of the District Court act (*Pamph. L.* 1898, *p.* 556) provides that "when any judge thereof shall cease holding his office, every suit and proceeding pending in said court * * * shall be continued and proceeded with by and before the succeeding judge thereof," and section 21 of the same act provides that "any judge of any District Court whose term of office may hereafter expire shall proceed to the final determination of any cause or proceeding then undetermined before him * * * in the same manner as if his term of office had not expired."

It is impossible to give to the twenty-first section the explicit force given it by this legislative language without giving to the third section as restricted a meaning as its language will permit. The duty to harmonize, if possible, the two sections calls upon us to do this. We think, therefore, that section 3 should be restricted to suits and proceedings instituted in the District Court upon the determination, *i. e.*, the trial, of which the court had not actually entered. The two sections would then, if read together, lay down the reasonable rule that the outgoing judge should carry to a final determination all causes upon the trial of which he had actually entered, but not enter upon the trial of any new cause merely because it had been instituted during his term, which cause under section 3 would not abate but be brought on for trial before the incoming judge.

The only other construction that would at all harmonize these sections is that all that section 21 permitted to the outgoing judge was to declare a conclusion reached by him in a case the trial of which had been concluded during his term of office. This is a tenable construction, but it fails to remedy the lost motion, so to speak, involved in requiring the parties to retry before the new judge a case that had been entered upon and all but completed before the outgoing judge. The question is not free from difficulty, but the construction that commends itself to us is that which permits the judge before

whom an action is in course of actual trial when his term of office ceases to continue such cause to its final determination.

Finding that none of the grounds specified should lead to a reversal, the judgment of the Passaic District Court is affirmed.